UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

MATTHEW D. BETTERS,      Chapter 7
    Case: 18-21159

    Debtor,

**COMPLAINT TO VOID FRAUDULENT TRANSFERS, TO COMPEL TURN OVER OF ESTATE ASSETS, TO OBJECT TO DEBTOR'S DISCHARGE AND TO OBTAIN AN ACCOUNTING**

KENNETH W. GORDON, TRUSTEE,

    Plaintiff,

    -vs.-     AP Case No:

MATTHEW D. BETTERS, BETTERS INTERNATIONAL, INC.,
KATERINE BETTERS aka EKATERINE KHUGEIAN,
AND GLEICHENHAUS, MARCHESE AND WEISHAAR, P.C.,

    Defendants.

The Complaint of Kenneth W. Gordon, respectfully alleges:

1. Plaintiff, Kenneth W. Gordon is the duly qualified and acting Chapter 7 Trustee in this case.

2. This adversary proceeding is commenced pursuant to the following sections of Title 11 to seek the relief indicated:

    A. Under §548 to seek an order of the Court to void the pre-petition transfer of funds;

    B. Under §549 to seek an order of the Court to void the post-petition

transfer of funds;

 C. Under §542 to compel the turnover of estate assets consisting of funds;

 D. Under §542 and §543 to compel an accounting from custodians of estate funds and to recover from said custodians and/or surcharge said custodians for improper disbursement of estate funds;

 E. Under §550 to recover from the initial transferee funds which are the subject of any transfers avoided pursuant to any of the above Sections of Title 11; and

 F. Under §727(2) to deny Debtor a discharge.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 (b) and 28 U.S.C. §157(b)(1). This is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(E), (H) and (J).

4. Defendant, Matthew D. Betters, (hereinafter "Betters") is the Debtor in the above captioned Chapter 7 proceeding and has a residence at 10 Tor Hill in the Town of Pittsford, County of Monroe, State of New York.

5. Defendant, Betters International, Inc. ( hereinafter "Betters International") is, upon information and belief, a corporation solely owned and controlled by Betters or his spouse, Katerine Betters, and it is organized under the laws of the State of Nevada and operating in the State of New York. Betters is the registered agent for service of process for Betters International with a designated service address of 10 Tor Hill, Pittsford, New York 14534.

6. Defendant, Katerine Betters, is the current spouse of Betters, and upon

information and belief, currently resides at 10 Tor Hill, Pittsford, New York 14534. Upon information and belief, Katerine Betters is also known as Ekaterine Khugeian.

7. Defendant, Gleichenhaus, Marchese and Weishaar, P.C., (hereinafter "GMW") is a professional corporation organized and existing under the laws of the State of New York with principal executive offices and an address for service of process at 930 Convention Tower, 43 Court Street, Buffalo, New York 14202. GMW is the attorney for Betters in the present Chapter 7 case.

8. On November 8, 2018, Betters filed the above captioned case under Chapter 11 of Title 11 of the United States Code.

9. On February 28, 2019, the Court issued and entered an order converting the above captioned case to a case under Chapter 7 of the Bankruptcy Code.

10. Prior to the commencement of the present case, Betters had filed a Chapter 13 proceeding (Case No. 18-21000) which was dismissed by Court order on or about October 18, 2018.

11. Property of this estate includes Betters' residence at 10 Tor Hill, Pittsford, New York and a promissory note owed to him by his brother Travis Betters in the approximate amount of $4,000,000.00. Quarterly payments in the amount of $348,750.00 are to be paid under the promissory note until July 2022. Out of these quarterly payments, $38,940.00 is paid to Betters' ex-spouse Cathy Betters for support under a pre-petition assignment dated January 2018. The remaining sum of $309,810.00 is to be paid by Travis Betters to Betters quarterly.

12. During the Chapter 13 proceeding, at least one quarterly payment was paid to the

Chapter 13 Trustee. Upon dismissal of the Chapter 13 case, the Chapter 13 Trustee paid the remaining funds on deposit of $306,295.00 to GMW who was serving as attorney to Betters in the Chapter 13 case.

13. After the Chapter 11 case of Betters was filed, a payment of $309,810.00 was deposited into Betters' DIP account at M&T Bank on January 14, 2019.

14. This Court entered an order restraining the M&T DIP Account on March 5, 2019 and on March 7, 2019, this Court entered an order compelling the turnover of the DIP Account balance to Plaintiff together with banking records.

15. As a result of the Court's March 5, 2019 and March 7, 2019 orders, Plaintiff recovered $6,092.87 from the M&T DIP Account as all other funds had been drawn out of the DIP Account by Betters prior to the Court's orders.

16. M&T DIP Account records establish that between January 22, 2019 and February 14, 2019, Betters signed checks which were posted to the M&T DIP Account payable to Betters International in the total amount of $180,669.96.

17. M&T DIP Account records establish that between January 22, 2019 and February 28, 2019, Betters signed checks which were posted to the M&T DIP Account payable to Katerine Betters in the total amount of $102,276.95.

18. The M&T DIP Account records are attached hereto as Exhibit "A" and show that each of the above referenced checks payable to Betters International and Katerine Betters were deposited to their respective accounts at JP Morgan Chase Bank.

19. According to information provided by Michael Weishaar, Esq. of GMW, at the direction of Betters, GMW disbursed $205,000.00 in funds of Betters from the GMW trust account to Betters International from October 12, 2018 through

November 5, 2018.

20. In addition to the above disbursements, GMW disbursed to Betters International from Betters' funds held in trust $72,578.00 after the present case was filed by Betters and GMW on November 8, 2018.

21. None of the above disbursements from the GMW trust account and none of the checks written by Betters on the DIP Account were authorized by the Court nor were necessary to preserve such funds.

## FIRST CAUSE OF ACTION
## FRAUDULENT TRANSFER - ACTUAL INTENT
## 11 U.S.C. §548(a)(1)(A)

22. This cause of action is brought pursuant to 11 U.S.C. § 548(a)(1)(A) to avoid the transfer by Betters of funds to defendants Betters International and Katerine Betters.

23. Plaintiff repeats and realleges all of the foregoing allegations of the complaint as if more fully set forth herein.

24. Betters transferred either directly by check out of the DIP Account or through instructions given to GMW out of the attorney trust account a total of $385,699.96 to Betters International between October 12, 2018 and February 14, 2019.

25. Betters transferred by check a total of $102,276.95 to Katerine Betters between January 22, 2019 and February 28, 2019.

26. The transfer by Betters of the funds to Betters International and Katerine Betters was made, received, and accepted with actual intent to hinder or delay or defraud

creditors of the debtor which debtor had both at the time of transfer and as of the date the case was converted to Chapter 7.

27. The transfer of the funds was made within two years before the date that the debtor filed his Chapter 7 petition.

28. Betters has retained control of the funds as a Director of Betters International and as the spouse of Katerine Betters.

29. Based upon the foregoing and pursuant to 11 U.S.C. § 548(a)(1)(A), plaintiff is entitled to an order avoiding the transfer of the funds to Betters International and Katerine Betters.

## SECOND CAUSE OF ACTION
## AVOIDANCE OF POST-PETITION TRANSFERS
## 11 U.S.C. § 549

30. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

31. This cause of action is brought pursuant to 11 U.S.C. § 549 to avoid the transfers of funds made by Betters or at his direction after the filing of this case on November 8, 2018.

32. After the commencement of this case, Betters transferred to Betters International $72,578.00 pursuant to his instructions to GMW.

33. After the commencement of this case, Betters transferred by check to Betters International $180,669.96.

34. After the commencement of this case, Betters transferred by check $102,276.95 to his spouse Katerine Betters.

35. None of the above transfers of funds was authorized under Title 11 nor by the Court.

36. Based upon the foregoing and pursuant to 11 U.S.C. §549, plaintiff is entitled to an order avoiding each of the above referenced transfers.

**THIRD CAUSE OF ACTION**

**REMEDIES UNDER 11 U.S.C. § 550**

37. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

38. Defendants Betters International and Katerine Betters are the initial transferees of the funds subject to avoidance under 11 U.S.C. §548 and 549.

39. Pursuant to 11 U.S.C. §550 (a)(1) plaintiff is entitled to recover $385,699.96 from Betters International as a result of the avoidance of the fraudulent transfers or, in the alternative, is entitled to recover $253,247.96 from Betters International as a result of the avoidance of the post-petition transfers.

40. Pursuant to 11 U.S.C. §550 (a)(1) plaintiff is entitled to recover from Katerine Betters as a result of avoidance of either the fraudulent transfers or the post-petition transfers $102,276.95.

**FOURTH CAUSE OF ACTION**

**TURNOVER OF FUNDS IN DEBTOR'S CONTROL**

**11 U.S.C. § 542**

41. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

42. Betters, as a Director of Betters International and as the spouse of Katerine Betters

has retained control of the funds transferred as alleged above.

43. Betters has possession, custody and control of all of the funds transferred to either Betters International or Katerine Betters as set forth in this Complaint.

44. All of the funds transferred by Betters as alleged herein constitute property of the estate and should be made available to plaintiff as Trustee to satisfy the claims of creditors of the estate.

45. Pursuant to the provisions of 11 U.S.C. § 542, plaintiff is entitled to an order to compel the turnover by Betters, Betters International, Katerine Betters and GMW of all funds in their possession which are property of the estate.

## FIFTH CAUSE OF ACTION

## DEMAND FOR ACCOUNTING AND TURNOVER

## 11 U.S.C. § 542 AND 543

46. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

47. Defendants Betters International, Katerine Betters and GMW each had knowledge of the commencement of the present case.

48. Defendants Betters International, Katerine Betters and GMW each has come into the custody of funds which are property of the estate.

49. Contrary to the provisions of Sections 542(a) and 543(a) of the Bankruptcy Code, GMW failed to turn over to the Trustee funds constituting property of the estate in its possession.

50. Upon information and belief, Katerine Betters and Betters International have failed to turn over to the Trustee funds in their possession constituting property of

the estate in contravention of Sections 542(a) and 543(a) of the Bankruptcy Code.

51. GMW, by its own admission, disbursed to Betters International $72,578.00 of estate money after the commencement of this case.

52. Based upon the foregoing and pursuant to the provisions of Sections 542 and 543, GMW, Katerine Betters and Betters International should be compelled to deliver to plaintiff as Trustee all funds constituting estate property in their possession, should account to plaintiff for any estate funds that came into their possession and should be held liable for any improper disbursement of such estate property.

## SIXTH CAUSE OF ACTION

## OBJECTION TO DISCHARGE

## 11 U.S.C. § 727

53. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

54. The discharge of Betters as debtor should be denied under 11 U.S.C. §727(2).

55. As set forth above, Betters, with the intent to hinder, delay, or defraud his creditors or the Trustee, transferred or concealed or permitted the transfer or concealment of property of the debtor within one year before the commencement of this case.

56. As set forth above, Betters, with the intent to hinder, delay, or defraud his creditors or the Trustee, transferred or concealed or permitted the transfer or concealment of property of the estate after the date of filing of the petition in this case.

**WHEREFORE,** plaintiff respectfully requests judgment against defendants as follows:

(a) Avoidance of the transfers set forth in the First and Second Causes of Action;

(b) Judgment against Betters International and Katertine Betters as demanded in the Third Cause of Action;

(c) Turnover of funds and an accounting for funds as set forth in the Fourth and Fifth Causes of Action;

(d) Denial of Debtor's discharge as demanded in the Sixth Cause of Action; and

(e) Plaintiff be awarded such other and further relief as to the Court may seem just and proper together with the costs and disbursements of this action, plus interest.

*/s/ Kenneth W Gordon*

Dated: March 14, 2019

KENNETH W. GORDON, TRUSTEE
1039 Monroe Avenue
Rochester, New York 14620
(585) ) 244-1070